### JAMES S. WANDLING v. I. BOWMAN THOMPSON.

1. On rule to show cause for an attachment against a sheriff for not bringing into court, pursuant to its order, money raised on execution, he will not be permitted to assail the validity of the order, if he has been, or has had opportunity to be heard upon it. It is conclusive upon him in establishing the contempt.

2. The facts upon which such rule to pay was ordered, will be looked into only in determining punishment and the just measure of redress due to those who are injured by his disobedience.

3. After notice, by a subsequent judgment creditor, to a sheriff to pay into court money raised on execution, payment to the plaintiff in such execution is at his peril.

---

On rule to show cause why an attachment should not issue against the late sheriff of Warren county, for refusing to pay

money into court, upon the application of H. D. Van Ostrand and others, judgment creditors of the defendant.

Argued at November Term, 1878, before Justices VAN SYCKEL, KNAPP, and DIXON.

For the rule, *O. Jeffrey.*

*Contra*, *L. De Witt Taylor.*

The opinion of the court was delivered by .

KNAPP, J.  Under execution issued on the above judgment, John Gardner, the respondent, then sheriff of Warren county, advertised and sold, in February, 1878, goods and chattels of the defendant to the amount of about $1350, and on the 20th of April of that year, sold certain real estate of the defendant, for the sum of $300.  The plaintiff became the purchaser at both sales.  At the close of each sale, H. D. Van Ostrand & Co., the applicants, and subsequent judgment creditors of the defendant, Thompson, questioning the validity of the judgment under which the sales were made, served notice upon the sheriff, requiring him to bring into court the proceeds.  Following each notice, a rule of the court allowed *ex parte* by one of the justices, ordering the sheriff to pay the moneys into court, was served upon the sheriff.  He responded to neither the notices or rules.  The goods were delivered to the plaintiff, as purchaser.  A deed, conveying the lands to him, was executed by the sheriff, and the plaintiff's receipt was taken upon the execution, settling with him for the proceeds of both sales, less execution fees.

At the June Term following, the applicants, on notice to the sheriff, applied to the court, and were allowed a rule upon him to show cause, at a day in term, why he should not pay both sums into court.  He did not appear to show cause against the rule, and on the 14th of June it was made absolute, requiring him to bring in the money within ten days after service of a copy of the order upon him.  Failing to

obey that order, this rule to show cause was entered. To this
rule he appears, and denies that he is in contempt through his
failure to obey the several orders, or any of them. Having,
as he says, had no money actually paid in hand, from either
sale, he contests the fairness of the order to pay. He admits
the sale of the chattels for the price named, and delivery to
the plaintiff, as purchaser, as well as the sale and execution
of a conveyance of the lands, and that he took the plaintiff's
receipt for both sums, on the execution, towards settlement.
As to the first sale, he further says that the applicants, at the
time they gave notice, were not judgment creditors, and were
then without lien upon the property sold, or its proceeds, so
that their notice afforded no authority or excuse for withhold-
ing payment to the plaintiff, and such payment was made
before the order of the court came.

Had these matters been before the court at an earlier stage
in the proceedings, they would have been pertinent matters
for the court to consider, in determining upon the proper
order. They come late now. Whatever effect the circum-
stances may have upon the punishment, he cannot *purge his
contempt* by caviling at the order, or be permitted to say that
the court had no business to make the rule which he has vio-
lated. He had full opportunity afforded him to be heard on
the rule to show cause, on the 1st of June. He remained
absent and silent, and permitted the court to proceed to an
adjudication against him upon the case as made by the appli-
cants. He cannot, with justice, complain if the court will not
now, at his instance, sit in review upon its former order,
or permit him to assail its binding force. In determining
whether he is in contempt, the rule must be taken as a con-
clusive order to bring in the money, and one which he was
bound to obey.

But the facts will be looked into, when necessary to do so,
in determining the measure of punishment to be imposed and
the extent of injury and proper redress to those whose rights
have been impaired or delayed by the disobedience complained
of. *Endicott* v. *Mathis,* 1 *Stockt.* 110.

It was in this view that, under this rule to show cause, the court permitted the parties to this motion to take testimony upon the merits. An examination of that testimony shows a state of facts which, had they been before the court on the hearing of the former rule, would have limited the extent of the order to the exclusion of the proceeds of the personal property. The applicants were, at the time of the service of the notice upon the sheriff at the first sale, not judgment creditors, and, upon a mere notice of a creditor having no lien upon the property, the sheriff was not bound to delay payment to the plaintiff, and when, subsequently, the *ex parte* order of the court was served, the sheriff had settled with the plaintiff, and paid over the money. But the applicants· had judgment when the lands were sold. The sheriff had received and returned, unsatisfied, an execution issued upon it. The notice, then, was full warning to him that strict compliance with the mandate of the writ to pay the consideration money into court would be required, and from parties having a right to intervene.

In addition to the notice came an order of the court directing the same course. The objection that it was not a certified copy which was served, has, in this case, no force. The order, signed by the judge, was served. The rule of practice declared in *Snediker* v. *Quick*, 1 *Green* 245, does not apply. Besides, the notice fully apprised the sheriff of a controversy over the fund—which he had not power to settle—and of his duty to place it under the court's control. This, without the subsequent order, was ample ground for the rule of June Term. The sheriff does not pretend to have been in any doubt as to the verity of the order; and disobedience to orders and process of the court cannot be justified upon mere technical grounds. *Endicott* v. *Mathis, supra.*

This order was served upon the sheriff before the execution and delivery of the deed to the plaintiff's attorney—probably before the endorsement of the proceeds of sale upon and towards satisfaction of the plaintiff's execution. It certainly

VOL. XII.                    K

was before the sheriff had authorized such endorsement. It was thus, by both notice and order, made his duty to collect the money bid for the lands, from the purchaser, and payment to the plaintiff was prohibited. The answer that he did not receive the money or pay to the plaintiff, is specious, but not true in effect. The form of taking the purchase money from the plaintiff, and handing it back to him, would have been idle ceremony. The same result was gained by the method pursued in discharging each from the claim of the other. The sheriff has made no other demand upon the plaintiff for payment, and both parties treat the sale as a concluded transaction. By arrangement between the sheriff and the plaintiff's attorney, the deed for the lands is held by the latter until these proceedings are ended and the results known. The chief significance of this circumstance, although urged as important for the respondent, is that, in union with other facts, it discovers a purpose to experiment with the court in a way not deserving encouragement.

The rule of June Term was to reiterate and enforce the former orders of the court; and had the respondent appeared and made full disclosure, the rule would have been made absolute to pay in the proceeds of the last sale. The respondent, having been paid the money, or treated it as having been paid to him, could not, after notice that strict compliance with the command of the writ was required of him, pay over the money to the plaintiff and escape further liability. *Stebbins* v. *Walker*, 2 *Green* 90.

If we regard him—as he insists we should—as not having had the money, the order to pay would still be justified by his purposely permitting the money to remain in the plaintiff's hands, without making any effort to collect it.

I incline to believe the respondent's assertion, that it was not his purpose to withstand the court. His error was in submitting himself, in the performance of his official duty in this matter, to the guidance of the plaintiff, whom he knew to be a party to this controversy, and who evidently intends, as the sheriff should have seen, that the validity of his judg-

ment shall not be looked into by the court, if he can avoid the scrutiny.

Assuming that the respondent's difficulty springs from this cause, he must, nevertheless, be held and adjudged as having disregarded the mandate of the court, and contemned its authority.

The applicants have succeeded in showing reasonable ground to be heard upon their claim to be first paid out of the proceeds of defendant's lands. The rule should be made absolute, and there should be an order that an attachment issue against the respondent, unless, within ten days from and after service of a copy of the rule upon him, he pay in to the clerk of the court the proceeds of the sale of the defendant's lands, and the costs of all the proceedings after the *ex parte* rule of April 25th.